UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY,

      Plaintiff,

  v.

ALVIN ROBERTS, SHIRLEY ROBERTS, ALFONSO GARCIA, JESSIE HERNANDEZ, ALBERT HUNG, MANUEL A.P. GONZALES AND ALLSTATE INSURANCE COMPANY,

      Defendants.

No. 2:11-cv-00740-MCE-KJN

MEMORANDUM AND ORDER

----oo0oo----

Through this action, Plaintiff Allied Property and Casualty Insurance Company ("Allied") seeks rescission of a homeowners policy issued to its insureds, Defendants Alvin and Shirley Roberts ("the Robertses"), and a declaratory judgment that it owes no coverage for two tort actions brought against the Robertses in Sacramento County Superior Court.

///

///

1

Allied further seeks a judicial declaration of the rights, duties, obligations and interests of all the parties regarding the action, including the rights, duties, obligations and interests of Defendant Allstate Insurance Company ("Allstate") pursuant to the Declaratory Judgment Act.  28 U.S.C. § 2201(a) (2006).  Presently before the Court is Allstate's Motion to Dismiss Allied's Complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]  Allstate's Motion was filed on April 18, 2011.  (Def.'s Mot. to Dismiss, ECF No. 6.)  Allied filed a timely opposition to Allstate's Motion on May 26, 2011, (Pl.'s Opp'n, ECF No. 16), and Allstate filed a timely reply (Def.'s Reply, ECF No. 22).  For the reasons set forth below, Allstate's Motion to Dismiss is denied.

**BACKGROUND**[2]

This action arises from a dispute over insurance coverage for a fire that took place on September 16, 2008, in a warehouse on a property in Galt, California, owned by the Robertses.  The fire caused property damage and two fatalities.  As a result, two tort actions were brought against the Robertses, as indicated above.

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified. (See Pls.' Compl., Mar. 18, 2011, ECF No. 2.)

2

1    At the time of the fire, a policy of liability insurance was
2 in effect for the home that was located on the Galt property.
3 That policy was issued by Allied to the Robertses.  Two
4 additional homeowners insurance policies were also issued by
5 Allied to the Robertses.
6    According to Allied, the Robertses failed to disclose to
7 Allied the existence of the warehouse, as well as the fact that
8 business activities were being conducted there.  Allied claims
9 that material misrepresentations in that regard entitle Allied to
10 rescind the insurance policies it issued to the Robertses.
11 Allied also alleges that it is not obligated to defend the
12 Robertses against the tort actions brought in state court,
13 because its policies do not cover injuries or property damage
14 arising from business activities conducted on an insured
15 location, nor do they cover injuries occurring at uninsured
16 locations.
17    At the time of the fire, the Robertses were also insured
18 under a Personal Umbrella Policy issued by Allstate.  Allied
19 alleges that if its policy is rescinded or if the Court
20 determines that Allied is not obligated to defend the Robertses
21 against the underlying actions, Allstate's policy may "drop down"
22 and "afford defense and indemnity" to the Robertses.  As such,
23 Allstate's interests may be impacted by the outcome of Allied's
24 action against the Robertses.  Accordingly, Allied named Allstate
25 as an additional defendant in this lawsuit.  As indicated above,
26 it is Allstate's Motion to Dismiss for lack of subject matter
27 jurisdiction that is now before the Court for adjudication.
28 ///

3

**STANDARD**

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. <u>Id.</u> Because subject matter jurisdiction involved a court's power to hear a case, it can never be forfeited or waived. <u>United States v. Cotton</u>, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 506 (2006); <u>see also</u> <u>Int'l Union of Operating Eng'rs v. Cnty. of Plumas</u>, 559 F.3d 1041, 1043-44 (9th Cir. 2009). Lack of subject matter jurisdiction may also be raised by the district court sua sponte. <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." <u>Id.</u>; <u>see</u> Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. <u>Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979).

///

///

Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. Id. However, in the case of a facial attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone, 373 F.3d at 1039.

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations." Thornill, 594 F.2d at 733 (internal citation omitted). The party opposing the motion has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

///
///

If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist. Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)). Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733. If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

**ANALYSIS**

In the present case, Allstate asserts that Allied's pleadings fail to establish the existence of a justiciable case or controversy between the two parties, and thus the Court lacks subject matter jurisdiction. (Def's Mot. to Dismiss, 3:26, ECF No. 6.) Allstate's Motion to Dismiss constitutes a facial attack, as Allstate asserts that Allied's allegations are insufficient on their face because they fail to establish the existence of a case or controversy. Accordingly, as delineated above, the Court must consider the factual allegations of Allied's complaint to be true, and determine whether the facts as pleaded establish subject matter jurisdiction.

6

1  The Declaratory Judgment Act ("the Act") states that "in a
2 case of actual controversy within its jurisdiction...any court of
3 the United States, upon the filing of an appropriate pleading,
4 may declare the rights and other legal relations of any
5 interested party seeking such declaration, whether or not further
6 relief is or could be sought."  28 U.S.C. § 2201(a).
7 Accordingly, the Ninth Circuit has "long held that the district
8 court must first inquire whether there is an actual case or
9 controversy within its jurisdiction.  Second, if the court finds
10 that an actual case or controversy exists, the court must decide
11 whether to exercise its jurisdiction...." Principal Life Ins.
12 Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005)(internal
13 citation omitted).

15  **A.   Existence of Actual Case or Controversy**

17  The Act requires the existence of an actual case or
18 controversy in order for a district court to exercise its subject
19 matter jurisdiction.  28 U.S.C. § 2201(a); Principal Life Ins.
20 Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005) (citing Am.
21 States Ins. Co. v. Kearns, 15 F.3d 142 (9th Cir. 1994)).
22 However, there is no bright line test for determining whether an
23 actual controversy exists under the Declaratory Judgment Act.
24 MedImmune, Ind. v. Genentech, Inc., 549 U.S. 118, 127 (2007);
25 Maryland Cas. Co. v. Pac. Coal & Oil Co., Inc., 312 U.S. 270, 273
26 (1941).
27 ///
28 ///

7

The Supreme Court has stated that the question is essentially "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co., 312 U.S. at 273. Stated another way, "a justiciable case or controversy exists if a declaration would affect substantive legal rights of the parties." Mason v. Genisco Tech. Corp., 960 F.2d 849, 853 (9th Cir. 1992) (citing Hillblom v. United States, 896 F.2d 426, 430 (9th Cir. 1990)). A court will ordinarily grant declaratory relief if doing so would "(1) serve a useful purpose in clarifying the legal relations at issue; or (2) terminate uncertainty, insecurity or controversy surrounding the parties' relations." First Fishery Dev. Serv., Inc. v. Lane Labs USA, Inc., No. CIV. 97-1069-R, 1997 WL 579165 (S.D. Cal. July 21, 1997) (citing Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986)).

That a defendant's liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action, and the Act allows a plaintiff to bring a claim in certain cases of unresolved contingencies. Bancard Serv., Inc. v. E*Trade Access, Inc., 292 F. Supp. 2d 1235, 1238 (D. Or. 2003) (citing Assoc. Indem. Corp. v. Fairchild Indus., Inc., 961 F.2d 32, 35 (2d Cir. 1992)). Indeed, the Second Circuit has noted that "litigation over insurance coverage has become a paradigm for asserting jurisdiction despite contingencies that will determine whether a controversy ever becomes real." Id.

///

8

Similarly, the Tenth Circuit has found that an action may state an actual controversy even though "subsequent events may create new controversies," and a declaratory judgment may serve "the useful purpose of determining which insurer should take immediate charge of the defense in the pending tort suit." State Farm Ins. Co. v. Mid-Continent Cas. Co., 518 F.2d 292, 296-97 (10th Cir. 1975). In cases in which a defendant's liability is contingent, the court should focus on "the practical likelihood that the contingencies will occur." Bancard Serv., Inc., 292 F. Supp. 2d at 1238 (quoting Assoc. Indem. Corp., 961 F.2d at 35 (internal citations omitted)).

Furthermore, the Act may "bring[] to the present a litigable controversy, which otherwise might only be tried in the future." Societe de Conditinnement en Aluminum v. Hunter Eng'g Co., Inc., 655 F.2d 938, 943 (9th Cir. 1981). Parties "whose interests are jeopardized or challenged even before a right of action exists or cause of action accrues" may benefit from a declaratory judgment. Maryland Cas. Co. v. Hubbard, 22 F. Supp. 697, 699 (S.D. Cal. 1938). Indeed, the existence of a cause of action is not essential to a declaration. Id. at 702. In Maryland Casualty, an insurer sued its insureds and another insurer of the insureds for declaratory relief. In that case, the court stated that "the preventative character of declaratory relief permits the adjudication of the relationship between the two insurers here and their conflicting legal interests.... This may be done before one of the insurers has suffered a loss upon which it can sue the other directly." Id. Thus, the defendant-insurer was properly party to the plaintiff insurer's suit. Id.

In the present case, it is clear that a declaration of the rights, duties, obligations and interests of Allstate and Allied would affect the "substantive legal rights of the parties." Hillblom, 896 F.2d at 430. It is certainly not a stretch to find that Allstate and Allied have, or will have, quite clearly conflicting legal interests. Furthermore, a declaratory judgment regarding the rights and interests of Allstate and Allied would serve the intended purpose of a declaratory judgment, by clarifying the legal relations of the parties and terminating the current uncertainty surrounding the parties' legal relations.

The fact that Allstate's liability is contingent on the Court's determination of Allied's rights and duties does not necessarily defeat the Court's jurisdiction over Allied's declaratory judgment action. In accepting Allied's factual allegations as true, the Court must assume a practical likelihood that Allied's policy will be rescinded, or that Allied will not be obligated to defend the Robertses in the action against them in state court. Should these contingencies occur, Allstate's legal rights and interests will be implicated.

Furthermore, this is a case in which an action for a declaratory judgment simply serves to bring to the present a litigable controversy "which might otherwise be tried in the future," as Allied or the Robertses may very well have claims against Allstate once Allied's obligations to the Robertses are determined. Thus, Allstate is a party whose interests are "jeopardized or challenged even before a right of action exists." Maryland Cas. Co. v. Hubbard, 22 F. Supp. at 699.

///

Indeed, as the Maryland Casualty court clearly stated, "the preventative character of declaratory relief permits the adjudication of the relationship between the two insurers...and their conflicting legal interests...before one of the insurers has suffered a loss upon which it can sue the other directly." Id. at 702.  Thus, although Allied has not yet suffered a loss upon which it can sue Allstate, the present action is suited for the benefits of a declaratory judgment.

Accordingly, the Court finds that Allied has pleaded facts against Allstate sufficient to state a claim or controversy under the Declaratory Judgment Act.

**B.   Decision to Exercise Jurisdiction**

Once a district court has determined whether a case or controversy exists under the Declaratory Judgment Act, the court must then determine whether it will exercise its subject matter jurisdiction.  Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669.  In making this determination, the "Brillhart factors remain the philosophic touchstone for the district court."  Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998).  The Brillhart factors require that in deciding whether to exercise its subject matter jurisdiction, the court should (1) avoid needless determination of state laws; (2) discourage litigants from filing declaratory actions as a means of forum shopping; and (3) avoid duplicative litigation.  See id.; Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942).
///

11

In the present case, considerations of judicial economy and avoiding duplicative litigation are particularly relevant. Should the Court decline to exercise its subject matter jurisdiction in this case, and leave undetermined Allstate's rights and obligations in regards to both the Robertses and Allied, Allstate may very well bring an action for a declaratory judgment at a later date.  In order to preclude this possibility, and thus avoid duplicative litigation and conserve precious judicial resources, the Court determines that the exercise of its subject matter jurisdiction is appropriate in this case. Allstate's Motion to Dismiss is therefore denied.

**CONCLUSION**

As a matter of law, and for the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 6) is DENIED.[3]

IT IS SO ORDERED.

Dated: June 20, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).