UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALLIED PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Plaintiff,

    v.

ALVIN ROBERTS, SHIRLEY
ROBERTS, ALFONSO GARCIA,
JESSIE HERNANDEZ, ALBERT HUNG,
MANUEL A.P. GONZALEZ AND
ALLSTATE INSURANCE COMPANY,

        Defendants.

No. 2:11-cv-00740-MCE-KJN

MEMORANDUM AND ORDER

----oo0oo----

Through this action, Plaintiff Allied Property and Casualty Insurance Company ("Plaintiff") seeks rescission of a homeowners policy issued to its insureds, Defendants Alvin and Shirley Roberts ("Defendants"), and a declaratory judgment that it owes no coverage for two tort actions brought against Defendants in Sacramento County Superior Court.  Presently before the Court is Defendants' Motion to Stay the instant federal court proceedings pending resolution of the underlying tort proceedings filed against Defendants in state court.

1

The tort proceedings stem from the same alleged incident and facts at issue in the federal proceedings. Defendants' Motion was filed on April 26, 2011. (Defs.'s Mot. to Stay, ECF No. 12.) Plaintiff filed a timely opposition to Defendants' Motion to Stay on May 26, 2011 (Pl.'s Opp'n, ECF No. 17), to which Defendants filed a timely reply (Defs.' Reply, June 2, 2011, ECF No. 21). For the reasons set forth below, Defendants' Motion to Stay is granted.[1]

## BACKGROUND[2]

This action arises from a dispute over insurance coverage for a fire that took place on September 16, 2008, in a warehouse on a property in Galt, California, owned by Defendants. The fire caused property damage and two fatalities. As a result, two tort actions were brought against Defendants in state court, as indicated above. The first action, the <u>Gonzalez</u> action, charges Defendants with wrongful death based on general negligence and premises liability. The second action, the <u>Hung</u> action, charges Defendants with wrongful death, personal injuries, and loss or property based on theories of general negligence, premises liability and products liability.

///

---

[1] Because oral argument will not be of material assistance, the court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] The factual assertions in this section are based on the allegations in Plaintiff's Opposition to Defendants' Motion to Stay, unless otherwise specified. (<u>See</u> Pl.'s Opp'n, ECF No. 17.)

2

1    At the time of the fire, a policy of liability insurance was
2 in effect for the home that was located on the Galt property.
3 That policy was issued by Plaintiff to Defendants.  Two
4 additional homeowners insurance policies were also issued by
5 Plaintiff to Defendants.  As such, Plaintiff is providing a
6 defense to Defendants for both underlying actions, subject to a
7 full reservation of rights. The reservation of rights includes
8 the right to seek a declaratory judgment that Plaintiff has no
9 duty to defend or indemnify Defendants under any of the policies
10 issued to them.
11    According to Plaintiff, at the time the insurance policies
12 were issued, Defendants failed to disclose both the existence of
13 the warehouse and the fact that business activities were being
14 conducted there.  Plaintiff alleges that, due to these material
15 misrepresentations by Defendants, it is entitled to rescind the
16 insurance policies it issued to Defendants.  Plaintiff also
17 alleges that it is not obligated to defend Defendants against the
18 tort actions brought in state court because the warehouse does
19 not qualify as an insured premises as required for coverage to
20 exist under the policies.  Furthermore, Plaintiff alleges that
21 its policies do not cover injuries or property damage arising
22 from business activities conducted on an insured location.
23 Finally, Plaintiff alleges that its policies do not cover
24 injuries arising out of the conduct of a partnership or joint
25 venture.
26 ///
27 ///
28 ///

3

1     Defendants assert that there is an overlap of the factual
2 issues to be decided in the present declaratory judgment action
3 and in the underlying actions in state court, and that the
4 overlap constitutes prejudice that requires a stay of the present
5 action for declaratory relief until the underlying state tort
6 actions have concluded.  Defendants' Motion to Stay is therefore
7 now before this Court.

## STANDARD

The power to issue a motion to stay derives from a federal district court's power to control its docket and ensure that cases before it are justly determined. Levya v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 864-65 (9th Cir. 1979), cert. denied, 444 U.S. 827 (1979).  Indeed, "a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  Id. at 863-64. "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."  Id.  A federal district court has broad discretion in deciding whether to issue a stay.  Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989).

///
///
///

4

**ANALYSIS**

Whenever an insurer defends a third-party action against its insureds under a reservation of rights, "an a-typical insurer-insured relationship is created.... [F]actual determinations made in the coverage case, were that to be litigated first, could be binding in the third-party action to the disadvantage to the insured." Home Indem. Co. v. Simson Lumber Co., 229 F. Supp. 2d 1075, 1091 (D. Or. 2001). Thus, under California law, when an insurer seeks a declaratory judgment under an insurance policy and there is an underlying third-party action against the insureds, a stay of the declaratory judgment action pending resolution of the underlying third-party suit is appropriate "when the coverage question turns on facts to be litigated in the underlying action." Montrose Chem. Corp. v. Super. Ct. (Montrose I), 861 P.2d 1153, 1162 (1993). Granting a stay in such cases serves to "eliminate the risk of inconsistent factual determinations that could prejudice the insured." Id. Such factual inconsistencies may arise "because the [insurer's] duty to defend frequently turns on coverage, and...coverage frequently turns on factual issues to be litigated in the third party liability action." Montrose I, 861 P.2d at 1164. Federal courts in California have followed the Montrose rule. OneBeacon Ins. Co. v. Parker, Kern, Nard & Wenzel, 1:09-CV-00257 AWI GSA, 2009 WL 2914203, at *4 (E.D. Cal. Sept. 9, 2009) (citing Cort v. St. Paul Fire & Marine Ins. Cos., 311 F.3d 979 (9th Cir. 2002); Conestega Servs. Corp. v. Exec. Risk. Indem., 312 F.3d 976 (9th Cir. 2002)).

5

Courts have noted three major concerns surrounding the trial of coverage issues which necessarily turn upon the facts to be litigated in the underlying action. First, the insurer, who is supposed to be defending the insured and with whom the insured has a special relationship, is effectively attacking its insured and thus aiding the claimant in the underlying suit. Haskel, Inc. v. Super. Ct., 33 Cal. App. 4th 963, 979 (1995) (citing Montrose Chem. Corp. v. Super. Ct. (Montrose II), 25 Cal. App. 4th 902, 910 (Cal. App. 4th 1994)). In order to guard against such abuse, the Court must not permit the insurer to effectively join forces with the third-party claimants in order to defeat coverage. Montrose II, 25 Cal. App. 4th at 909-10.

Second, litigating the coverage dispute while the underlying action is still pending requires the insured to "fight a two front war, litigating not only with the underlying claimant, but also expending precious resources fighting an insurer over coverage questions." Haskel, Inc., 33 Cal. App. 4th at 979 (citing Montrose II, 25 Cal. App. 4th at 910). Fighting such a two front war "effectively undercuts one of the primary reasons for purchasing liability insurance." Id.

Third, "there is a real risk that, if the declaratory relief action proceeds to judgment before the underlying action is resolved, the insured could be collaterally estopped to contest issues in the latter by the results in the former." Id. (citing Montrose II, 25 Cal. App. 4th at 910).

///
///
///

"It is <u>only</u> when there is no potential conflict between the trial of the coverage dispute and the underlying action that an insurer can obtain an early trial date and resolution of its claim that coverage does not exist." Montrose II, 25 Cal. App. 4th at 910 (emphasis added). When such a potential conflict exists, a district court should enter a stay. "By contrast, when the coverage question is logically unrelated to the issues of consequence in the underlying judgment, the declaratory relief action may properly proceed to judgment." Montrose I, 861 P.2d at 1162.

In the present case, there are two underlying tort suits pending against Defendants in Sacramento Superior Court. (Defs.'s Mot. to Stay, 14:6, ECF No. 12.) Plaintiff is defending Defendants in these actions under a reservation of rights. (Pl's Opp'n, 3:5, ECF No. 17.) Defendants' liability in the underlying actions hinges on the underlying plaintiffs establishing that Defendants knew or should have known that the warehouse on the Galt property was being used for business purposes, and that the decedents were living on the premises. (Defs.'s Mot. to Stay, 14:12-14, ECF No. 12.) Defendants seek to prove that they had no knowledge of the nature and scope of the underlying plaintiffs' business activities or that the underlying plaintiffs used the warehouse as a residence. (Defs.'s Mot. to Stay, 14:8-10, ECF No. 12.) Furthermore, Defendants seek to prove that they were defrauded by the underlying plaintiffs, and that the underlying plaintiffs are legally responsible for the deaths and damages claimed. (Defs.'s Mot. to Stay, 14:10-11, ECF No. 12.)
///

Plaintiff asserts that it will only litigate two issues in its action for a declaratory judgment before the underlying actions are concluded: (1) that the warehouse does not qualify as an "insured premises" or as an "insured location" under the various insurance policies; and (2) that Defendants failed to disclose the existence of the warehouse on the property and the fact that business activities were being conducted in the warehouse. (Pl's Opp'n, 8:10-15, ECF No. 17.)  Plaintiff claims that it will refrain from asserting coverage defenses based on the business pursuits exclusion, the partnership exclusion, and the professional services exclusion.  (Pl's Opp'n, 1:14017, ECF. No. 17.)  Plaintiff further claims that the two issues it will pursue through this action can be decided without conducting discovery or litigating any disputed issues in the underlying action.  (Pl's Opp'n, 9:13, ECF No. 17.)

Plaintiff's asserted limitations to the scope of the present action thread the needle too finely.  Litigating whether Defendants failed to disclose to Plaintiff that business activities were being conducted in the warehouse still requires litigating whether Defendants knew that such activities were being conducted in the warehouse.  Defendants' knowledge is a fact at issue in the underlying action.  While Plaintiff contends that the declaratory judgment and rescission actions may be litigated solely on the basis on uncontroverted facts, Defendants' knowledge of the activities taking place within the warehouse is clearly a fact in controversy in both the present action and the underlying third-party lawsuits.

///

Making a factual determination of Defendants' knowledge in the present action could be binding in the third-party action to the disadvantage of Defendants.

Furthermore, each of the concerns that favor the Court entering a motion to stay are present in this case. First, Plaintiff, who is supposed to be defending Defendants in the underlying tort actions in state court, is effectively attacking Defendants' defenses and counter-claims in the tort actions and, in doing so, Plaintiff may aid the claimants in the underlying suit. The Court will not permit Plaintiff to join forces with the third-party claimants to defeat coverage. Second, requiring Defendants to litigate the coverage dispute with Plaintiff while the underlying tort actions are still pending would require Defendants to fight a two front war. Third, in light of Plaintiff's theories for rescission and the claims pending against Defendants in the underlying action, there is a real risk that if the declaratory action proceeds to judgment before the underlying action is resolved, Defendants could be collaterally estopped to contest issues in the underlying action due to findings made by this Court in this lawsuit.

Given the foregoing, a potential conflict clearly exists between the trial of the coverage dispute in this Court and the underlying state court action. Because the coverage question turns on facts to be litigated in the underlying action, Defendants' Motion to Stay will be granted.

///
///
///

9

**CONCLUSION**

Following consideration of the circumstances of this matter as a whole, the Court in its discretion finds that Defendants' request for a stay of these proceedings is appropriate, pending resolution of the concurrent tort actions pending against them in state court. Defendants' Motion to Stay (ECF No. 12) is accordingly GRANTED. The stay shall remain in effect until the underlying tort actions against Defendants are concluded.

Staying this proceeding as to Defendants Roberts will also stay the action as to the remaining Defendants. Absent participation of Defendants Roberts, the ability of the various other Defendants to properly defend this case may be hindered. A stay as to Defendants Garcia, Hernandez, Hung, Gonzalez, and Allstate Insurance Company, in addition to the Robertses, is therefore also necessary, and the present matter is stayed in its entirety pending resolution of the underlying actions in state court.

IT IS SO ORDERED.

Dated: June 20, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE